**HCDistrictclerk.com** NG, EVA vs. ALLSTATE TEXAS LLOYDS INSURANCE COMPANY 1/20/2017

Cause: 201686192 CDI: 7 Court: 269

**APPEALS**

No Appeals found.

**COST STATMENTS**

No Cost Statments found.

**TRANSFERS**

No Transfers found.

**POST TRIAL WRITS**

No Post Trial Writs found.

**ABSTRACTS**

No Abstracts found.

**SETTINGS**

No Settings found.

**NOTICES**

No Notices found.

**SUMMARY**

CASE DETAILS

| | |
|---|---|
| **File Date** | 12/15/2016 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Insurance |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 1/17/2017 |

COURT DETAILS

| | |
|---|---|
| **Court** | 269th |
| **Address** | 201 CAROLINE (Floor: 13)<br>HOUSTON, TX 77002<br>Phone:7133686370 |
| **JudgeName** | DAN HINDE |
| **Court Type** | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| NG, EVA | PLAINTIFF - CIVIL | | MCGINNIS, PATRICK CONNELL |
| 23211 LODGEPOINT DRIVE, KATY, TX 77494 | | | |
| ALLSTATE TEXAS LLOYDS INSURANCE COMPANY | DEFENDANT - CIVIL | | SIMON, JAY SCOTT |
| ALLSTATE TEXAS LLOYDS INSURANCE COMPANY (A DOMESTIC INSURANCE | REGISTERED AGENT | | |
| 1999 BRYAN STREET SUITE 900, DALLAS, TX 75201-3136 | | | |

**EXHIBIT B**

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 1/16/2017 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 1/16/2017 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY SCOTT | ALLSTATE TEXAS LLOYDS INSURANCE COMPANY |
| 1/16/2017 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/15/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/15/2016 | ORIGINAL PETITION | | | 0 | | MCGINNIS, PATRICK CONNELL | NG, EVA |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE TEXAS LLOYDS INSURANCE COMPANY (A DOMESTIC INSURANCE | 12/15/2016 | 12/16/2016 | 12/21/2016 | | | 73321998 | ATTORNEY PICK-UP |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 73455313 | Defendant Allstate Texas Lloyds Original Answer | | 01/16/2017 | 2 |
| 73195278 | Citation | | 12/22/2016 | 2 |
| 73166491 | Civil Process Pick-Up Form | | 12/16/2016 | 1 |
| 73116211 | Plaitniff's Original Petition and Request for Disclosure | | 12/15/2016 | 9 |
| -> 73116212 | Civil Case Information Sheet | | 12/15/2016 | 1 |




**Service of Process Transmittal**
12/21/2016
CT Log Number 530379063

**TO:** L&R Home Office Intake Unit
Allstate Insurance Company
2775 Sanders Rd # A2W
Northbrook, IL 60062-6110

**RE:** **Process Served in Texas**

**FOR:** Allstate Texas Lloyd's (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Eva Ng, Pltf. vs. Allstate Texas Lloyds Insurance Company, Dft.
*Name discrepancy noted.*

**DOCUMENT(S) SERVED:** Citation, Original Petition

**COURT/AGENCY:** 269th Judicial District Court Harris County, TX
Case # 201686192

**NATURE OF ACTION:** Insurance Litigation

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Dallas, TX

**DATE AND HOUR OF SERVICE:** By Process Server on 12/21/2016 at 12:30

**JURISDICTION SERVED :** Texas

**APPEARANCE OR ANSWER DUE:** By 10:00 a.m. on the Monday next following the expiration of 20 days after service
(Document(s) may contain additional answer dates)

**ATTORNEY(S) / SENDER(S):** Patrick Connel McGinnis
Merlin Law Group
515 Post Oak Blvd.
Suite 750
Houston, TX 77027
713-626-8880

**ACTION ITEMS:** CT has retained the current log, Retain Date: 12/21/2016, Expected Purge Date: 12/26/2016

Image SOP

Email Notification, Jessica Tortorello jessica.tortorello@allstate.com

Email Notification, Aspen Sprague aspra@allstate.com

**SIGNED:** C T Corporation System
**ADDRESS:** 1999 Bryan Street
Suite 900
Dallas, TX 75201
**TELEPHONE:** 214-932-3601



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

12/15/2016 5:17:08 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14316578
By: Nelson Cuero
Filed: 12/15/2016 3:04:04 PM

2016-86192 / Court: 269

CAUSE NO. ______________

| | | |
|---|---|---|
| EVA NG | )( | IN THE DISTRICT COURT OF |
| | )( | |
| vs. | )( | HARRIS COUNTY, TEXAS |
| | )( | |
| ALLSTATE TEXAS LLOYDS | )( | |
| INSURANCE COMPANY | )( | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, EVA NG (hereinafter sometimes referred to as "Plaintiff"), who files this original petition against defendant, ALLSTATE TEXAS LLOYDS INSURANCE COMPANY (hereinafter sometimes referred to as "Defendant"), and for cause of action would show the following:

**A. DISCOVERY CONTROL PLAN**

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190.2 of the Texas Rules of Civil Procedure.

2. Plaintiff seeks only monetary relief in excess of $100,000.

**B. PARTIES**

3. EVA NG, Plaintiff, is a resident of St. Paul, Ramsey County, Minnesota.

4. ALLSTATE TEXAS LLOYDS INSURANCE COMPANY is a domestic insurance company licensed to do business in the State of Texas, with its principal place of business in Illinios. Service may be had on ALLSTATE TEXAS LLOYDS INSURANCE COMPANY by serving its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201-3136.

C. **JURISDICTION**

5. This court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6. The court has jurisdiction over the Defendant, ALLSTATE TEXAS LLOYDS INSURANCE COMPANY because Defendant is licensed to do insurance business in the state of Texas; engages in the business of insurance in Texas; and the cause of action arises out of its business activities in Texas.

D. **VENUE**

7. Venue is proper in Harris County, Texas because:

a. The property which was insured by Defendant, and which sustained damages as a result of the covered cause of loss made the basis of this suit, is located in Harris County, Texas;

b. The damage to Plaintiff for which claim was made to Defendant for insurance proceeds was incurred in Harris County, Texas as a result of a covered cause of loss, which occurred in Harris County, Texas;

c. Plaintiff makes claims of unfair claims handling practices and the claim made the basis of the suit was adjusted by Defendant or its in-house or outside adjusters, who conducted claims-handling activities in Harris County, Texas;

d. This case involves a breach of contract and deceptive trade practices where the breach and deceptive acts occurred in Harris County, Texas;

E. **FACTS**

8. Plaintiff is the owner of a Texas residential insurance policy issued by Defendant with Policy No. 216976053 (hereinafter sometimes referred to as "Policy") for a policy period of including the date of loss. Plaintiff owns the insured property located at 23211 Lodgepoint Drive, Katy. TX 77494, (hereinafter sometimes referred to as "Residence").

9. Defendant sold the Policy insuring the Residence for damages resulting from the covered cause of loss made the basis of this suit, including, without limitation, physical damage to the Residence, damage to personal property, damage to other structures, additional living expenses, code upgrades, temporary repairs, and debris removal, all of which are more particularly described in the Policy. Plaintiff paid all premiums when due and was issued the Policy, which was in full force and effect at the time that the damages were sustained as a result of a covered cause of loss, which occurred on April 19, 2015, (hereinafter sometimes referred to as "Covered Event").

10. As a result of the Covered Event, which occurred on April 19, 2015, Plaintiff suffered losses covered under the Policy. The Residence sustained severe damages, which required temporary and permanent repairs. Plaintiff continues to suffer damages which are covered under the Policy.

11. Plaintiff promptly put Defendant on notice of the claim.

12. To this day, Plaintiff has been paid $0.00. The true cost of the damages to Plaintiff are $27,982.50.

13. Since Defendant has completely denied the claim, it is obvious that Defendant had all the information in its possession that it reasonably required to accept or reject the claim,

## F. CAUSES OF ACTION

### COUNT I

### BREACH OF CONTRACT BY DEFENDANT

14. Paragraphs 1 through 13 are incorporated by reference.

15. The conduct of Defendant, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

16. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Defendant's breach of the contract proximately caused Plaintiff to suffer damages in the form of actual damages, consequential damages, along with reasonable and necessary attorney's fees. Plaintiff has complied with all obligations and conditions required of it under the insurance contract.

**COUNT II**
**VIOLATIONS OF THE TEXAS INSURANCE CODE BY DEFENDANT**

17. Paragraphs 1 through 16 are incorporated by reference.

18. The conduct of Defendant, as described herein, constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

19. Defendant's unfair practice, described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

20. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

21. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts

or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

22. Defendant's unfair settlement practice, described above, refusing to pay Plaintiff's claims while failing to conduct a reasonable investigation, constitutes an unfair method of competition, and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation, 541.051, 541.060 and 541.061.

**COUNT III**
**THE FAILURE OF DEFENDANT TO COMPLY WITH TEXAS INSURANCE CODE CHAPTER 542: THE PROMPT PAYMENT OF CLAIMS ACT**

23. Paragraphs 1 through 22 are incorporated by reference.

24. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*, TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

25. Defendant's failure, described above, to commence investigation of the claims and request from Plaintiff all items, statements and forms that it reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Section 542.055-542.060.

26. Defendant's refusal to pay Plaintiff's entire claim or delay of payment of Plaintiff's claim, described above, following its receipt of all items, statements and forms reasonably requested and required longer than the amount of time prescribed for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

**COUNT IV**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS**
**BY DEFENDANT**

27. Paragraphs 1 through 26 are incorporated by reference.

28. Defendant, as an insurer, is subject to the laws of the State of Texas and owed to Plaintiff the duty to deal with it fairly and in good faith.

29. Defendant refused to pay a substantial portion of the property damage claim despite the fact that its liability was clear.

30. No reasonable insurer would have failed to fully pay this claim with the information available to Defendant at the time that it decided not to pay the full value of this claim. The conduct of Defendant constitutes a breach of the common law duty of good faith and fair dealing owed to insureds under insurance contracts. As described above, Defendant failed to adequately and reasonably investigate and evaluate Plaintiff's claim, while Defendant knew or should have known by the exercise of reasonable diligence that its liability is reasonably clear, all of which constitutes a breach of the duty of good faith and fair dealing.

31. The refusal to fully adjust and pay this claim in violation of the duties of good faith and fair dealing, proximately caused Plaintiff to suffer independent damages including economic damage and emotional distress caused by the denial. Defendant is liable to Plaintiff for extra contractual damages for Plaintiff's separate injury and independent damages in a sum in excess of the minimum jurisdictional limits of the court.

**G. <u>KNOWLEDGE AND INTENT</u>**

32. Paragraphs 1 through 31 are incorporated by reference.

33. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" with conscious indifference to the harm which would result to Plaintiff and was a producing cause of Plaintiff's damages described herein.

**H. VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT**

34. Paragraphs 1 through 33 are incorporated by reference.

35. Plaintiff purchased the Policy in question from the Defendant and is a "consumer" as that term is defined under the Texas Deceptive Trade Practices Act. Plaintiff has been damaged by Defendant's conduct, described above, which constitutes a deceptive or unfair insurance practice as that term is defined under the Texas Insurance Code.

36. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

37. Defendant has violated the Texas Deceptive Trade Practices Act in the following non-exclusive manners:

a. Defendant misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

b. Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability has become reasonably clear;

c. Defendant refused to pay the claim without a reasonable investigation on its part with respect to the claim.

38. As a result of Defendant's violations of DTPA, Plaintiff suffered actual damages. Because Defendant committed the acts knowingly and intentionally, with conscious indifference

to the harm caused to the insured, Plaintiff is entitled to three times its damages for economic relief.

## I. REQUEST FOR DISCLOSURE

39. Paragraphs 1 through 38 are incorporated by reference.

40. Pursuant to TRCP Rule 194, PLAINTIFF requests that defendants disclose the materials described in TRCP Rule 194.2.

## J. DAMAGES AND PRAYER

41. Paragraphs 1 through 40 are incorporated by reference.

42. The conduct of Defendant, as described herein, was a producing cause of Plaintiff's economic damages. As a result, Plaintiff suffered economic damage and expenses for which Defendant is liable.

43. As a direct result of Defendant's knowing misconduct, Plaintiff suffered additional damages. Accordingly, Defendant is liable to Plaintiff for economic damages and additional damages of up to three times economic as permitted by the Texas Insurance Code and the Texas Deceptive Trade Practices Consumer Protection Act.

44. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that Defendant be cited to appear and answer, and that on a final trial on the merits, Plaintiff recover from Defendant damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorney fees, costs of court, and all interest allowed by statute and common law and for such other further relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted

**MERLIN LAW GROUP**
515 Post Oak Blvd. Suite 750
Houston, Texas 77027
Telephone: (713) 626-8880
Facsimile: (713) 626-8881

By: */s/ Patrick Connell McGinnis*
Patrick Connell McGinnis
State Bar No. 13631900
pmcginnis@merlinlawgroup.com

ATTORNEYS FOR PLAINTIFF

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

*/s/ Patrick Connell McGinnis*
Patrick Connell McGinnis

1/14/2017 1:55:33 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14749779
By: Shanelle Taylor
Filed: 1/16/2017 12:00:00 AM

CAUSE NO. 2016-86192

| | | |
|---|---|---|
| EVA NG, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| *Defendant.* | § | 269TH JUDICIAL DISTRICT |

**DEFENDANT ALLSTATE TEXAS LLOYDS ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyds Insurance Company ("Defendant"), and files this, its Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

**I.**
**ORIGINAL ANSWER**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.**
**DEMAND FOR JURY TRIAL**

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

**III.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyds Insurance Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEY FOR DEFENDANT ALLSTATE TEXAS LLOYDS INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that on January 14, 2017, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiffs by electronic service:

Patrick Connell McGinnis
MERLIN LAW GROUP
515 Post Oak Blvd., Suite 750
Houston, Texas 77027
Email: pmcginnis@merlinlawgroup.com

*/s/Jay Scott Simon*
Jay Scott Simon